Amanda F. Esch (Wyo. Bar #6-4235)
Andrew R. Wulf (Wyo. Bar #7-5911)
DAVIS & CANNON, LLP
P.O. Box 43
Cheyenne, WY 82003
Telephone: 307/634-3210
*amanda@davisandcannon.com*
*andrew@davisandcannon.com*

*Counsel for Defendant*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 FEB 26  PM 2:10

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEVE SHARP TRANSPORTATION, INC., a Wyoming corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>PARFAB INDUSTRIES, LLC, an Oklahoma a limited liability company,<br><br>        Defendant. | Case No. 21CV41-S |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and upon the grounds for removal set forth in this notice, Defendant, Parfab Industries, LLC (Defendant), hereby removes the entire above-captioned action, and all claims and causes of action therein, filed by Steve Sharp Transportation, Inc. (Plaintiff), from the Third Judicial District Court, of the County of Lincoln, State of Wyoming Civil Number CV-2021-7-DC, to the United States District Court for the District of Wyoming. In Support of this Notice, Defendant states:

1.      On or about January 12, 2021, Plaintiff commenced the State Court Action asserting claims of breach of contract, promissory estoppel, and unjust enrichment against Defendant.

2.      Defendant was served in the state of Oklahoma on February 1, 2021. The defendant timely removed this action by filing this notice of removal within thirty days pursuant to 28 U.S.C. § 1446(b).

3.      Undersigned counsel certifies that as Defendant is the sole defendant in this matter, all defendants consent to this removal pursuant to 28 U.S.C. § 1446.

4.      Defendant has not pled, answered, or otherwise appeared in the State Court Action. The action has no pending motions.

5.      Pursuant to 28 U.S.C. 1446, is the declaration of Andrew R. Wulf and a true and correct copy of each document filed in the State Court Action, including the docket sheet. **Exhibit A**.

6.      A copy of this Notice has been filed with the clerk of the Third Judicial District Court of the County of Lincoln, State of Wyoming, as required by 28 U.S.C. § 1446(d) and U.S.D.C.L.R. 81.1. A copy of the Notice to the District Court is attached hereto as **Exhibit B**.

6.      This case is removable, and venue is proper in the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1441(b), because jurisdiction is proper under 28 U.S.C. § 1332(a)(2).

7.      Plaintiff is a citizen and resident of the State Wyoming and its principal place of business is in Lincoln County, Wyoming.

8.      Defendant is a citizen of Oklahoma and its principal place of business is in Rogers County, Oklahoma.

9.      The amount in controversy exceeds $75,000.

10.     Defendant reserves the right to amend and/or supplement this Notice of Removal.

11.     This Notice of Removal to Federal Court is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

12.     Defendant has attempted to confer with Plaintiff regarding this removal through phone calls, but has not yet had an opportunity to speak to Plaintiff's counsel.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1441(b)

13.     Plaintiff, Steve Sharp Transportation Inc. is a citizen and resident of the State of Wyoming.

14.     Defendant is a citizen and resident of the State of Oklahoma.

15.     The amount in controversy exceeds $75,000 as expressly set forth by Plaintiff in the Civil Coversheet.

**WHEREFORE**, Defendant gives notice that the action pending in the Third Judicial District Court of the County of Lincoln, State of Wyoming is hereby removed therefrom to this Court.

DATED this 26th day of February, 2021.

DAVIS & CANNON, LLP

Amanda F. Esch (Wyo. Bar #6-4235)
Andrew R. Wulf (Wyo. Bar #7-5911)
DAVIS & CANNON, LLP
P.O. Box 43
Cheyenne, WY  82003
Telephone:  307/634-3210
*amanda@davisandcannon.com*
*andrew@davisandcannon.com*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2021, I caused a true and correct copy of the foregoing to be served as follows:

Elyse K. Ritchie (7-5971)             [XX] U.S. Mail
Grant & Hoffman P.C.                  [    ] CM/ECF Electronic Filing
141 S. College Ave, Suite 200         [    ] Facsimile
Fort Collins, CO 80524                [    ] Hand Delivered
eritchie@grantandhoffmanlaw.com       [XX] Email


Andrew R. Wulf

# Exhibit A

Amanda F. Esch (Wyo. Bar #6-4235)
Andrew R. Wulf (Wyo. Bar #7-5911)
DAVIS & CANNON, LLP
P.O. Box 43
Cheyenne, WY  82003
Telephone:  307/634-3210
*amanda@davisandcannon.com*
*andrew@davisandcannon.com*

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEVE SHARP TRANSPORTATION, INC., a Wyoming corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>PARFAB INDUSTRIES, LLC, an Oklahoma a limited liability company, )<br><br>Defendant. | Case No. |

---

## DECLARATION IN SUPPORT OF REMOVAL

I, Andrew R. Wulf, declare:

1.      I am an attorney admitted to appear before this Court and am a member of the law firm Davis & Cannon, LLP, attorneys for Defendant Parfab Industries, LLC.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify thereto.

2.      The purpose of this declaration is to place before the Court the documents filed in *Steve Sharp Transportaion, Inc. v. Parfab Industries, LLC*, which was pending in the Third Judicial District Court of the County of Lincoln, State of Wyoming, Civil Number CV-2021-7-DC (the "State Court Action").

3.       Attached hereto as **Exhibit 1** is a true and correct copy of all documents previously filed in the State Court Action as required by 28 U.S.C. § 1446(a) and U.S.D.C.L.R. 81.1.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of February, 2021.

DAVIS & CANNON, LLP

Amanda F. Esch (Wyo. Bar #6-4235)
Andrew R. Wulf (Wyo. Bar #7-5911)
DAVIS & CANNON, LLP
P.O. Box 43
Cheyenne, WY  82003
Telephone:  307/634-3210
*amanda@davisandcannon.com*
*andrew@davisandcannon.com*

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2021, I caused a true and correct copy of the foregoing to be served as follows:

Elyse K. Ritchie (7-5971)            [XX] U.S. Mail
Grant & Hoffman P.C.                 [    ] CM/ECF Electronic Filing
141 S. College Ave, Suite 200        [    ] Facsimile
Fort Collins, CO 80524               [    ] Hand Delivered
eritchie@grantandhoffmanlaw.com      [XX] Email

Andrew R. Wulf

# Exhibit 1

## Lincoln County District Court
## Docket Sheet

| Case # | CV-2021-000007 | | Judge | Hon. Joseph Bryce Bluemel |
|---|---|---|---|---|
| **Case Title** | Steve Sharp Transportation, Inc. v. Parfab Industries, LLC | | **Case Type** | Civil - Contract - Business Organization Litigation |

| Filed Date | Docket Entry Type | Description | Submitted By |
|---|---|---|---|
| 01-12-2021 | Summons - Issued | Summons Issued | |
| 01-12-2021 | Complaint - Complaint | Complaint | Ms. Elyse Kay Ritchie On Behalf of Steve Sharp Transportation, Inc. |
| 01-12-2021 | Cover Sheet - Cover Sheet | Cover Sheet | Ms. Elyse Kay Ritchie On Behalf of Steve Sharp Transportation, Inc. |

# CIVIL COVER SHEET

This civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law. This form, approved by the Wyoming Supreme Court, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM)

## I. CAPTION

Steve Sharp Transportation, Inc.

FILED
BY Jimmy Clark

Docket # CV-2021-07-DC

JAN 12 2021

**Plaintiff Name and Current Address**

v.

Parfab Industries, LLC

**Defendant.**

KENNETH D. ROBERTS
CLERK OF DISTRICT COURT - 3RD JUDICIAL DISTRICT

## II. NATURE OF SUIT (Place an "X" in one box only), STATE OF WYOMING
LINCOLN COUNTY,

| GENERAL CIVIL | | | OTHER CIVIL |
|---|---|---|---|
| **CONTRACT** | **DISSOLUTION OF MARRIAGE** | **PROBATE** | ☐ Appointment/Removal of a Fiduciary |
| ☑ Business Organization Litigation | ☐ Divorce w/Minor Children | ☐ Ancillary Admin/Foreign Prob | ☐ Arbitration Award Confirmation |
| ☐ Com. Const. Contract Litigation | ☐ Divorce w/o Minor Children | ☐ Decree of Title Distribution | ☐ Birth Certificate Amendment/Establishment |
| ☐ Contract Other (not Debt Collection) | ☐ Judicial Separation | ☐ Determination of Heirship | ☐ Debt Collection |
| | ☐ Annulment | ☐ Letters of Administration | ☐ Declaratory Judgment |
| | | ☐ Estate Unspecified | ☐ Emancipation of Minor |
| **TORT** | **DOMESTIC RELATIONS** | ☐ Summary Probate | ☐ False or Frivolous Lien |
| ☐ PI or WD - Environmental or Toxic Tort | ☐ Custody/Parental Visitation | ☐ Testate/Intestate Estate | ☐ Foreign Judgment |
| ☐ PI or WD - Fed Employer Liability Act | ☐ Grandparental Visitation | ☐ Will Only Filings | ☐ Foreign Protection Order/Foreign Stalking Order |
| ☐ PI or WD - Medical Malpractice | ☐ Paternity | ☐ Trust Matters | ☐ Forfeiture of Property |
| ☐ PI or WD - Product Liability | ☐ Child Support/Parental Contribution | ☐ Guardianship | ☐ Governmental Action Environmental Case |
| ☐ PI or WD - Vehicular | ☐ Child Support w/ Paternity | ☐ Conservatorship | ☐ Injunction |
| ☐ Personal Injury Unspecified | ☐ UIFSA w/Paternity | ☐ Guardian & Conservatorship | ☐ Material Witness/Foreign Subpoena |
| ☐ Property Damage | ☐ UIFSA | | ☐ Name Change |
| ☐ Tort Unspecified | ☐ Dom Register Foreign Judgment | **ADOPTION** | ☐ Involuntary Hospitalization |
| ☐ Wrongful Termination of Employment | ☐ TPR State/DFS | ☐ Adoption | ☐ Public Nuisance |
| | ☐ TPR Family/Private | ☐ Confidential Intermediary | ☐ Specific Relief |
| | | | ☐ Structured Settlement Protection Act |
| **CIRCUIT COURT** | **PROPERTY** | | ☐ Successor to Civil Trust Appointment |
| ☐ Small Claims | ☐ Property with Mineral Rights | | ☐ Transcript Judgment from Circuit Court |
| ☐ Forcible Entry and Detainer | ☐ Property w/o Mineral Rights | | ☐ Writ of Habeas Corpus |
| ☐ Stalking Protection Order | | | ☐ Writ of Mandamus |
| ☐ Family Violence Protection Order | | | ☐ Writ of Replevin |
| | | | ☐ Unspecified |
| | | | ☐ |

## III. RELATED CASE(S) IF ANY (see instructions)

Docket No. _____ Judge _____ Court (if different) _____

Docket No. _____ Judge _____ Court (if different) _____

## IV. $ AMOUNT IN CONTROVERSY, (estimated) (see instructions)

$ 300,000.00

_____                    12/14/2020
SIGNATURE OF ATTORNEY OF RECORD OR PRO SE LITIGANT          DATE

Feb 1, 2021   1:15pm

**ORIGINAL**
**RETURN TO COURT**

| | | |
|---|---|---|
| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
| | ) ss | |
| COUNTY OF LINCOLN | ) | THIRD JUDICIAL DISTRICT |

Plaintiff: Steve Sharp Transportation, Inc.,   )   Civil Action Case No. _CV-2021-7-DC_

vs.   )   **SUMMONS**

Defendant: Parfab Industries, LLC   )

To the above named Defendant:   C/O National Registered Agents, Inc.

YOU ARE HEREBY SUMMONED and required to file with the Clerk and serve upon the Plaintiff or Plaintiff's attorney if s/he has one, an Answer to the Complaint for which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. (If service upon you is made outside of the state of Wyoming, you are required to file and serve your answer to the Complaint for Divorce within 30 days after service of this Summons upon you, exclusive of the day of service.) If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint for Divorce.

Dated   January   12   , 20 21 .

(Seal of District Court)

_Kenneth D. Roberts_
Clerk of Court

By: _Amny Clarke_
Deputy Clerk

Steve Sharp Transportation Inc.
Plaintiff's Name :

Elyse Ritchie
Attorney for Plaintiff
821 9th Street
Greeley, CO 80631
Address

970-356-5666
Phone Number

*Summons*
*July 2014*
*Page 1 of 2*

 CT Corporation

**Service of Process Transmittal**
02/01/2021
CT Log Number 538974300

**TO:** Alex Hiler
Parfab Field Services, LLC
15615 E 590 Rd
Inola, OK 74036-3222

**RE:** **Process Served in Oklahoma**

**FOR:** ParFab Industries, LLC (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Steve Sharp Transportation, Inc., etc., Pltf. vs. Parfab Industries, LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CV20217DC |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc. of OK, Oklahoma City, OK |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/01/2021 at 13:56 |
| **JURISDICTION SERVED :** | Oklahoma |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780100855857 |
| **REGISTERED AGENT ADDRESS:** | National Registered Agents, Inc. of OK<br>1833 South Morgan Road<br>Oklahoma City, OK 73128<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

| | |
|---|---|
| DISTRICT COURT, LINCOLN COUNTY<br>STATE OF WYOMING<br>Court Address: 925 Sage Avenue<br>Kemmerer, Wyoming 83101<br>Court Phone: (307) 877-6263 | FILED<br>BY _Jimmy Clarke_<br><br>JAN 1 2 2021<br><br>KENNETH D. ROBERTS<br>CLERK OF DISTRICT COURT - 3RD JUDICIAL DISTRICT<br>LINCOLN COUNTY, STATE OF WYOMING |
| PLAINTIFF:   **Steve Sharp Transportation, Inc., a<br>Wyoming corporation**<br><br>v.<br><br>DEFENDANT:  **Parfab Industries, LLC, an Oklahoma<br>limited liability company** | |
| **Attorney for Steve Sharp Transportation Inc.**<br>Elyse K. Ritchie (7-5971)<br>Grant & Hoffman P.C.<br>141 S. College Ave, Suite 200<br>Fort Collins, Colorado 80524<br>Phone Number: (970) 356-5666<br>Fax Number: (970) 356-8967<br>eritchie@grantandhoffmanlaw.com | ☐  COURT USE ONLY  ☐<br><br>Case No.: CV-2021-7-DC<br><br>Division: |
| **COMPLAINT** | |

Plaintiff Steve Sharp Transportation Inc., by and through its counsel Grant & Hoffman

P.C., does hereby complain against Defendant Parfab Industries, LLC ("Defendant"), as follows:

<u>**JURISDICTION AND VENUE**</u>

1.    Plaintiff is, and at all times material hereto was, a resident of the State of Wyoming and

its principal place of business is in Lincoln County, Wyoming.

2.    Defendant Parfab is, and at all times material hereto was, domiciled in the State of

Oklahoma with a principal place of business at 1833 S. Morgan Road, Oklahoma City,

Oklahoma 73128.

3.    This Court has subject matter jurisdiction over all claims asserted herein and personal

jurisdiction over all Parties pursuant to the contractual agreement entered into between

the parties. Exhibit A – Bills of Lading.

Page 1

4.    Venue is properly laid in this district pursuant to the contractual agreement between the parties.

## FACTUAL BACKGROUND

5.    Plaintiff hereby incorporates by reference all of the above allegations as though fully set forth herein.

6.    Plaintiff is a transportation company providing hauling services.

7.    Defendant contracted with Plaintiff to provide shipment services of a convection module/box.

8.    The convection module/box was manufactured for Canadian Natural Resources Ltd. ("CNRL") a Canadian corporation.

9.    Upon information and belief, Tulsa Heaters, Inc. manufactured the convection module/box.

10.   Upon information and belief, Defendant assembled the convection module/box.

11.   CNRL is a client of Defendant Parfab and is not an agent or other related party. *See Exhibit B_Parfab Website_CNRL.*

12.   Defendant Parfab contracted with Plaintiff to have Plaintiff haul the convection module/box to CNRL. *See Exhibit A_Bills of Lading*

13.   Defendant used a third-party shipping broker, DSV Global Transport and Logistics ("DSV"), to contract with Plaintiff to haul the convection module/box to CNRL in Alberta, Canada.

14.   Plaintiff picked up the convection module/box at Defendant's warehouse location located at 15615 East 590 Road, Inola, Oklahoma 74036.

Page 2

15. Plaintiff completed the hauling of the convection module/box to the end destination located in Alberta, Canada.

16. Upon information and belief, CNRL contracted with Entrec Crane & Heavy Haul, Inc. ("Entrec") to install the convection module/box at CNRL's end location in Canada.

17. Plaintiff was told to bill the shipping charges to Entrec.

18. Entrec subsequently filed for debtor protections in Canada and the United States prior to making payment to Plaintiff.

19. Defendant remains liable for the shipping charges based on the shipping contract and the bills of lading. *See Exhibit A.*

20. Plaintiff has made demand to Defendant for the amounts owed.

21. Defendant has not directly responded to Plaintiff's demands. CNRL has responded, purportedly on behalf of Defendant, simply asking Plaintiff to refrain from collection activities against Defendant.

22. Defendant has breached the terms of the shipping contract by not making payment of the charges incurred for shipping.

23. Plaintiff entered into a release agreement with CNRL and DSV.

24. Plaintiff's collection activities are stayed pursuant to Canadian and U.S. law against Entrec.

25. The release agreement does not impact the claims against Defendant.

## FIRST CLAIM FOR RELIEF
### *(Breach of Contract)*

26. Plaintiff hereby incorporates by reference all of the above allegations as though fully set forth herein.

27.   Defendant Parfab and Plaintiff entered into an agreement whereby Plaintiff would perform services for hauling convection module/box, and Defendant would ensure payment for the services to be performed.

28.   Plaintiff materially complied with all of its obligations under the contract.

29.   Defendant failed to comply with all of its material obligations under the contract, including failing to timely pay Plaintiff for the work performed.

30.   As a direct and proximate result of Defendant's actions alleged herein, Plaintiff has sustained damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
*(Promissory Estoppel)*

31.   Plaintiff hereby incorporates by reference all of the above allegations as though fully set forth herein.

32.   Defendant promised to ensure payment for the services performed.

33.   Plaintiff reasonably relied on Defendant's promise and performed the hauling services.

34.   Defendant should have expected that Plaintiff would rely on its promise and would not have endeavored to complete the services but for Defendant's promise to pay for the services performed.

35.   Defendant must be required to compensate Plaintiff for its services in order to prevent injustice.

36.   As a direct and proximate result of Defendant's actions as heretofore alleged, Plaintiff has sustained damages, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### *(Unjust Enrichment)*

37.   Plaintiff hereby incorporates by reference all of the above allegations as though fully set forth herein.

38.   Defendant received a benefit by having the hauling services performed because Plaintiff completed delivery of the convection module/box.

39.   Defendant's benefit was at Plaintiff's expense because Plaintiff performed services and expended costs on behalf of the Defendant.

40.   It would be unjust for the Defendant to retain the full use and enjoyment of the hauling services performed without compensating Plaintiff for the services.

41.   As a direct and proximate result of Defendant's actions as heretofore alleged, Plaintiff has sustained damages in an amount to be determined at trial.

### Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff, and against Defendants, in an amount to fairly and reasonably compensate Plaintiff the time and costs associated with the work completed; for court costs; for attorney fees; for statutory interest from the date this claim accrued or as otherwise permitted under Colorado law; and for such other and further relief as this Court may seem just and proper. Plaintiff reserves the right to amend its Complaint.

RESPECTFULLY SUBMITTED this 14th day of December, 2020.

GRANT & HOFFMAN, P.C.

Elyse K. Ritchie (7-5971)
Attorney for Plaintiff

Page 5

14452

16757

**STEVE SHARP TRANSPORTATION, INC.**

**BILL OF LADING AND TRANSPORTATION CONTRACT**
ORIGINAL—NON NEGOTIABLE

P.O. Box 160
Cokeville, WY 83114
Telephone: (307)-279-3033
Fax: (307)-279-3083

Name of Carrier: **STEVE SHARP TRANSPORTATION, INC.**

Shipper or Receiver Reference / PO No. _____

RECEIVED, subject to the individually determined rates and terms that have been agreed to in writing between the carrier, shipper, receiver and/or other party responsible for payment of all applicable charges. The terms and conditions set forth on the front and back of this Bill of Lading and Transportation Contract and in any related bid quote by Carrier constitute the complete and entire agreement between Carrier and the shipper, receiver or other party responsible for payment of the freight charges and supersedes and replaces any other document or oral or written communications, including communications by email and text message, relating to the transportation of the shipment. In the event a master service agreement, motor carrier broker agreement or other similar document has been executed by Carrier that document does not apply to the shipment being transported under the terms and conditions of this Bill of Lading and Transportation Contract.

From: **Parker**     Date: **11/21/19**

Street: _____ City: **Inola** County: _____ State: **OK** Zip: _____

The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown) marked, consigned and destined as shown below, which carrier agrees to carry to destination, if on its route, otherwise to deliver to another carrier on the route to destination. Every service to be performed hereunder shall be subject to the conditions on the back hereof which are hereby agreed to by the shipper and accepted for shipper and shipper's assigns.

Delivered to: **Enbec**

On collect or Delivery Shipments, the letters "COD" must appear before consignee's name.

Destination Street: _____

City: **Edmonton** County: _____ State: **Alberta** Zip: _____

Delivering Carrier: STEVE SHARP TRANSPORTATION, INC.    Truck No. **253**    Trailer No. **388**

Additional Shipment Information: _____

| Collect on Delivery $ _____ | and remit to: _____ | COD charge is to | Shipper ☐ |
| Street: _____ | City: _____ State: _____ | be paid by: | Consignee ☐ |

| NO OF UNITS OR EQUIPMENT. | DESCRIPTION OF EQUIPMENT OR PROPERTY (Subject to Correction) | Weight |
|---|---|---|
| 1 | Convection Box  Upper | 214,000 lbs |

VALUE OF CARGO; SUBJECT TO LIMITATIONS AND/OR CONDITIONS IN THE APPLICABLE BID QUOTE:

NOTE, (1) Where the rate is dependant on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:

"The agreed or declared value of the property is specifically stated by the shipper to not exceed _____ per _____."

NOTE (2) Liability Limitation for loss or damage on this shipment may be applicable. See § 1(c) of the Bill of Lading Terms and Conditions on the reverse side.

NOTE (3) Commodities requiring special care or additional care or attention in handling or stowing must be so marked and packaged as to insure safe transportation with ordinary care.

Freight charges are PREPAID unless marked collect
CHECK BOX IF COLLECT ☐

**FOR FREIGHT COLLECT SHIPMENTS:**
If this shipment is to be delivered to the consignee/receiver, without recourse on the consignor, the consignor shall sign the following statement:
The carrier may decline to make delivery of this shipment without payment of all freight and other applicable charges.

_____
(Signature of Consignor)

Notify if problem en route or at delivery _____ (for informational purposes only)
    Name    Fax Number    Telephone No.

Send freight bill to: _____
   Company Name    City    Street    State    Zip

Carrier **STEVE SHARP TRANSPORTATION, INC.** Per **David Carroll**
Date: **11/21/19**

| Shipper Certification | Receiver Certification |
|---|---|
| This is to certify that the above described shipment is properly packaged, marked, labeled and loaded and is in proper condition for transportation according to all applicable governmental regulations. | Receiver acknowledges receipt of the above described shipment in apparent good order, except as noted. |
| Per _____ Date _____ | Per _____ Date _____ |

**WHITE-CARRIER'S OFFICE**    **YELLOW-Shipper**    **PINK-Receiver**    **GOLDENROD-DRIVER COPY**

**EXHIBIT A**

## BILL OF LADING/TRANSPORTATION CONTRACT TERMS AND CONDITIONS

Sec. 1 (a) Carrier agrees to provide the transportation and related services described on the face of this bill of lading as a contract motor carrier (as defined by 49 U.S.C. § 13102(4)) pursuant to operating authority and/or registrations issued to carrier by applicable federal and state regulatory agencies, or foreign governments and subject to the terms and conditions set forth herein and in the related bill quote which are incorporated herein by reference. The parties acknowledge that this bill of lading is intended to create a transportation contract within the meaning of 49 U.S.C. § 14101(b)(1). In this regard, the parties further acknowledge that it is their specific intent to waive any or all of their respective rights and remedies contained within the I.C.C. Termination Act of 1995 (49 U.S.C. § 10101 et. seq.). The terms and conditions set forth on the front and back of this Bill of Lading and Transportation Contract and in any related bill quote by Carrier constitute the complete and entire agreement between Carrier and the shipper, receiver or other party responsible for payment of the freight charges and supersedes and replaces any other document or oral or written communications, including communications by email and text message, relating to the transportation of the shipment. In the event a master services agreement, motor carrier broker agreement or other similar document has been executed by Carrier, that document does not apply to the shipment being transported under the terms and conditions of this Bill of Lading and Transportation Contract.

(b) Carrier shall not be liable for any loss or damage to the shipment or for any delay caused by an act of God, the public enemy, the authority of law, the weather, road construction, delay in obtaining permits or the act or default of shipper or consignee. Except in the case of negligence of the carrier, the carrier shall not be liable for the loss, damage or delay which results when the property is stopped and held in transit upon request of the shipper, owner or party entitled to make such request; or from faulty or impassable highway, or by lack of capacity of a highway bridge or ferry; or from a defect or vice in the property; or from riots or strikes. In any event, carrier shall not be liable for any loss or costs due to the inability of the shipper to schedule cranes or other equipment to load and unload the shipment or for any costs of any type for equipment used to load or unload the shipment.

(c) Carrier shall be responsible for loss, shortage or damage to cargo only to the extent such loss, shortage or damage results from carrier's negligence. Unless released to carrier at a lower value, Carrier's liability shall be for shipper's or consignee's invoice cost of the lost, damaged or shorted item(s), less any salvage value. Where a lower value than the invoice cost of the cargo has been stated in writing by the shipper or consignee or has otherwise been agreed upon in writing as the released value of the cargo, such lower value shall the maximum recoverable amount for loss, shortage or damage. In no event shall carrier be liable for any incidental, consequential or special damages and/or late delivery damages.

Sec. 2 Unless arranged or agreed upon, in writing, prior to shipment, carrier is not bound to transport a shipment by a particular schedule or in time for a particular market, but is responsible to transport with reasonable dispatch. In case of physical necessity, carrier may forward a shipment via another carrier.

Sec. 3 (a) As a condition precedent to recovery, claims must be filed in writing with Carrier having sufficient information to identify the shipment and must include proof of payment of the freight charges and a copy of the paid freight bill.

(b) Claims for loss or damage must be filed within thirty (30) days after the delivery of property (or, in the case of export traffic, within thirty (30) days after delivery at the port of export), except that claims for failure to make delivery must be filed within thirty (30) days after a reasonable time for delivery has elapsed.

(c) Suits for loss, damage, injury or delay shall be instituted against any carrier no later than one (1) year from the day written notice is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts of the claim specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable, and such claims will not be paid.

(d) Any carrier or party liable for loss of or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contracts of insurance, PROVIDED, that the carrier receiving the benefit of such insurance will reimburse the claimant for the premium paid on the insurance policy or contract period.

Sec. 4 (a) If the consignee refuses the shipment tendered for delivery by carrier or if carrier is unable to deliver the shipment because of fault or refusal of the consignor or consignee, the carrier's liability shall then become that of a warehouseman. Carrier shall promptly attempt to provide notice, by telephone or electronic communication as provided on the face of this bill of lading, if so indicated, to the shipper or the party, if any, designated to receive notice on this bill of lading. Reasonable storage charges shall start to accrue from the next business day following the attempted notification. Storage may be, at the carrier's option, in any location that provides reasonable protection against loss or damage. The carrier may place the shipment in public storage at the owner's expense and without liability to the carrier.

(b) If the carrier does not receive disposition instructions within forty-eight (48) hours of the time of carrier's attempted first notification, carrier will attempt to issue a second and final confirmed notification. Such notice shall advise that if carrier does not receive disposition instructions within ten (10) days of that notification, carrier may offer the shipment for sale at a public auction and the carrier has the right to offer the shipment for sale. The amount of sale will be applied to the carrier's invoice for transportation, storage and other related charges. The owner will be responsible for the balance of charges not covered by the sale of the goods. If there is a balance remaining after all charges and expenses are paid, such balance will be paid to the owner of the property sold hereunder, upon claim and proof of ownership.

(c) Where carrier has attempted to follow the procedure set forth in subsections 4(a) and (b) above and the procedure provided in this section is not possible, nothing in this section shall be construed to abridge the right of the carrier, at its option, to sell the property under such circumstances and in such manner as may be authorized by law.

(d) Where a carrier is directed by consignor or consignee to unload or deliver property at a particular location where consignor, consignee, or the agent of either is not regularly located, the risk after unloading or delivery shall not be that of the carrier.

Sec. 5 No carrier hereunder will carry or be liable in any way for any documents, coin, money, or for any articles of extraordinary value unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

Sec. 6 Every party, whether principal or agent, who ships explosives or dangerous goods, without previous full written disclosure to the carrier of their nature, shall be liable for and indemnify the carrier against all loss or damage caused by such goods. Such goods may be warehoused at owner's risk and expense or destroyed without compensation.

Sec. 7 (a) The consignor and/or consignee shall be liable for the freight and other lawful charges accruing on the shipment, as billed or corrected, except that collect shipments may move without recourse to the consignor when the consignor so stipulates by signature or otherwise in the space provided on the face of the bill of lading. Nevertheless, the consignor shall remain liable for transportation charges where there has been an erroneous determination of the freight charges assessed, based upon incomplete or incorrect information provided by the consignor.

(b) Notwithstanding the provisions of subsection (a) above, the consignee's liability for payment of additional charges that may be found to be due after delivery shall be as specified by 49 U.S.C. § 13706, except that the consignee need not supply the specified written notice to the delivering carrier if the consignee is a for-hire carrier.

(c) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of the charges at the time of shipment or prior to delivery. If the description of articles or other information on this bill of lading is found to be incorrect or incomplete, the freight charges must be paid based upon the articles actually shipped.

(d) Unless otherwise agreed to in writing between the carrier and the shipper, receiver, or other party responsible for payment, all charges shall be paid to carrier as provided in the related bill quote, but in any event are due within thirty (30) days of the date of delivery. Payments not made within such time will accrue interest at the rate one and one-half percent (1½ %) per month (annual percentage rate eighteen percent (18%)). If carrier is required to initiate legal action to collect such charges, it shall be entitled to collect its reasonable attorney's fees and costs from the shipper, consignee, and/or other party responsible for payment.

Sec. 8 If this bill of lading is issued on the order of the shipper, or the agent, in exchange for or in substitution for another bill of lading, the shipper's signature on the prior bill of lading, or in connection with the prior bill of lading, as to the statement of value or otherwise, as to the election of common law or bill of lading liability shall be considered a part of this bill of lading as fully as if the same where written on, or made in connection with, this bill of lading.

Sec. 9 If all or any part of said property be carried by water over any part of said route, such water carriage shall be governed subject to the terms and provisions and limitations of liability specified by the "Carriage of Goods By Sea Act" and any other pertinent laws applicable to water carriers.

Sec. 10 Carrier shall have a lien on the shipment described in this bill of lading for all sums due and payable to carrier for any transportation charges previously assessed to shipper including, without limitation, transportation charges applicable to the shipment described in this bill of lading.

Sec. 11 Neither shipper nor consignee nor any third party shall have any right to offset any claims any type or for loss or damage to freight transported pursuant to this bill of lading or for any other claim or freight charges on any other loss(s) against any transportation or related charges owed to carrier.

Sec. 12 The parties hereto agree and stipulation that exclusive jurisdiction and venue for any legal action arising out of or relating to this bill lading shall be in the courts for the County of Lincoln, State of Wyoming.





Exhibit B

Amanda F. Esch (Wyo. Bar #6-4235)
Andrew R. Wulf (Wyo. Bar #7-5911)
DAVIS & CANNON, LLP
P.O. Box 43
Cheyenne, WY 82003
Telephone: 307/634-3210
*amanda@davisandcannon.com*
*andrew@davisandcannon.com*

*Counsel for Defendant*

IN THE THIRD JUDICIAL DISTRICT COURT, IN AND FOR THE
COUNTY OF LINCOLN, STATE OF WYOMING

| | |
|---|---|
| STEVE SHARP TRANSPORTATION, INC., a Wyoming corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>PARFAB INDUSTRIES, LLC, an Oklahoma a limited liability company, )<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. CV-2021-7-DC<br>)<br>)<br>)<br>)<br>) |

---

### DEFENDANT'S NOTICE OF REMOVAL

---

**PLEASE TAKE NOTICE** that, Defendant has removed the above matter to the United

States District Court for the District of Wyoming. A copy of the Notice of Removal is attached

hereto (less Exhibits which are already part of the state court file).

DATED this 26th day of February, 2021.

DAVIS & CANNON, LLP

Amanda F. Esch (Wyo. Bar #6-4235)
Andrew R. Wulf (Wyo. Bar #7-5911)
DAVIS & CANNON, LLP
P.O. Box 43
Cheyenne, WY 82003
Telephone: 307/634-3210
*amanda@davisandcannon.com*

*andrew@davisandcannon.com*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2021, I caused a true and correct copy of the foregoing to be served as follows:

Elyse K. Ritchie (7-5971)           [XX] U.S. Mail
Grant & Hoffman P.C.                 [    ] CM/ECF Electronic Filing
141 S. College Ave, Suite 200       [    ] Facsimile
Fort Collins, CO 80524              [    ] Hand Delivered
eritchie@grantandhoffmanlaw.com     [XX] Email

Andrew R. Wulf